UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| JULIE WAKLEY | ) | |
| VICTOR WAKLEY | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00681-JRS-MKK |
| | ) | |
| PROGRESSIVE SOUTHEASTERN | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Motion for Entry of Default and Motion to Dismiss**

Plaintiffs Julie Wakley and Victor Wakley filed suit against Defendant Progressive Southeastern Insurance Company ("Progressive"), alleging a breach of contract and bad faith for Progressive's alleged violation of its obligation to perform its duties under the Wakleys' insurance policy. (Am. Compl. 9–10, ECF No. 13.)

Now before the Court are the Wakleys' Motion for Clerk's Entry of Default, (ECF No. 15), and Progressive's Motion to Dismiss Bad Faith Claim, (ECF No. 19). For the reasons outlined below, the Court denies the Wakleys' motion and grants Progressive's motion.

### I.   Motion for Clerk's Entry of Default

The Wakleys move for a clerk's entry of default under Fed. R. Civ. P. 55(a). Their motion is based on Progressive's failure to answer or otherwise respond to the Amended Complaint by the deadline set by the Magistrate Judge in an Entry and Order from Telephonic Status Conference held on June 2, 2025. (*See* ECF No. 14.)

While Progressive failed to answer or respond by that deadline, Progressive timely filed an Answer to the original Complaint, (*See* Compl., ECF No. 1; Answer, ECF No. 11), has actively participated in the defense of this action, and filed an Answer to the Amended Complaint, (ECF No. 17), on the same day the Wakleys moved for entry of default. Progressive's procedural misstep, immediately corrected when drawn to Progressive's attention, does not override the strong federal policy favoring resolution of disputes on the merits rather than by default. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). The Wakleys' Motion for Entry of Default, (ECF No. 15), is therefore **denied**.

## II.    Motion to Dismiss

### A. Legal Standard

A rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests "the legal sufficiency of a complaint" against Rule 8(a)'s standards. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). Under Rule 8(a), a complaint must contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

A complaint must state a plausible claim for relief to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must take as true the complaint's well-pleaded factual allegations, *id.* at 679, and draw all reasonable inferences in the plaintiff's

favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). The Court need not accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. Facts

Julie Wakley and Victor Wakley are suing *pro se*. They bought a recreational vehicle and purchased an insurance policy for it from Progressive. (Am. Compl. ¶ 8, ECF. No. 13.) A vandal damaged the recreational vehicle on or around October 22, 2024, and it was deemed totaled. (*Id.* ¶ 9.) The insurance policy was valid and in effect at this time. (*Id.* ¶ 18.)

After the recreational vehicle was damaged, the Wakleys notified Progressive of the incident, and Progressive assigned to them claim number 24-200051113. (*Id.* ¶ 11.) Progressive inspected the damage, investigated the cause of the loss, tabulated the damages, and notified the Wakleys that Progressive would "be providing Coverage for this loss." (*Id.* ¶ 13.) Progressive then notified the Wakleys that the loss was not fully covered under the insurance policy and has not yet paid any benefits to the Wakleys. (*Id.* ¶¶ 14–15.)

### C. Discussion

Progressive argues that the Wakleys' state law claim of bad faith should be dismissed because the Amended Complaint fails to allege any facts that may give rise to a valid bad faith claim. (Mem. in Supp. of Mot. to Dismiss 4, ECF No. 20.)

Under Indiana law, the tortious breach of an insurer's duty to deal with its insured in good faith constitutes a valid cause of action. *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 519 (Ind. 1993). The Indiana Supreme Court has held that an insurer's obligation of good faith and fair dealing requires that the insurer refrain from: "(1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim." *Id.* If an insurer does not violate its duty of good faith, then it has not acted in bad faith. *Baldwin v. Standard Fire Ins. Co.*, 269 N.E.3d 1197, 1209 (Ind. 2025). Even if it is ultimately determined that an insurer breached its contract, "a good faith dispute about the amount of a valid claim . . . will not supply the grounds for a recovery in tort for breach of the obligation to exercise good faith." *Hickman*, 622 N.E.2d at 520; s*ee also Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005) ("[W]e decline at this time to expand on the extent of the duty an insurer owes its injured beyond those we have already expressed in *Hickman*.").

Additionally, to succeed on a claim of bad faith, the insured must demonstrate that the insurer acted with "the additional element of conscious wrongdoing," a higher burden than that of showing mere negligence or poor judgment. *Baldwin*, 269 N.E.3d at 1208–09 (quoting *Erie Ins. Exch. v. Craighead*, 192 N.E.3d 195, 204 (Ind. Ct. App. 2022)). This "requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will." *Magwerks*, 829 N.E.2d at 977

(quoting *Colley v. Ind. Farmers Mut. Ins. Grp.*, 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998)).

The Wakleys have not stated a plausible claim for relief as to their allegation of bad faith.  In their Amended Complaint, they have not alleged any facts indicating that Progressive made an unfounded refusal to pay policy proceeds, caused an unfounded delay in making a payment, deceived the Wakleys, or unfairly pressured them into a settlement agreement.  A good faith dispute as to amount of the claim at issue cannot support a bad faith claim, *Hickman*, 622 N.E.2d at 520, and the Wakleys fail to allege any facts supporting a reasonable inference that Progressive engaged in anything other than such a dispute. Also, the Wakleys did not allege any facts indicating that Progressive acted with a state of mind reflecting conscious wrongdoing, as required for a bad faith claim.  The Wakleys have solely alleged a breach of their insurance contract by Progressive.  (Am. Compl. ¶ 21, ECF No. 13.) Tellingly, the Amended Complaint contains no mention of bad faith until its "wherefore" clause, (*see* Am. Compl. 9–10, ECF No. 13), and the Wakleys' arguments against Progressive's Motion simply recite the potential grounds for a bad faith claim under Indiana law without identifying which facts in their Amended Complaint allow the plausible inferences of the elements they recite, (*see* Pl.'s Mem. in Supp. of Motion to Deny Def.'s Mot. to Dismiss 2, ECF No. 22).

In sum, the Wakleys have not alleged any factual content allowing the Court to draw a reasonable inference that Progressive is liable for a bad faith claim.  Therefore, their bad faith claim is **dismissed with prejudice**.

## Conclusion

For the reasons stated, the Wakleys' Motion for Clerk's Entry of Default, (ECF No. 15), is **denied** and Progressive's Motion to Dismiss Bad Faith Claim, (ECF No. 19), is **granted**.  Plaintiffs' bad faith claim is **dismissed with prejudice**.

**SO ORDERED.**

Date: _____3/16/2026_____

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record

Julie Wakley
922 N. Main Street
Lapel, IN 46501
(317) 590-1461

Victor Wakley
922 N. Main Street
Lapel, IN 46501
(317) 590-1461

6